FILED
2015 Jun-26  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ANGIE BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01957-TMP |
| ) | |
| SUPERIOR RESORTS ) | |
| INTERNATIONAL, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is a Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by defendant Superior Resorts International, LLC ("Superior") (doc. 14) and a Motion to Strike filed by Superior.  (Doc. 25). The motions have been fully briefed.  The parties have not consented to the exercise of dispositive jurisdiction by the undersigned; accordingly, the court submits this Report and Recommendation.

## MOTION TO STRIKE[1]

Superior moves to strike portions of the Declaration of the plaintiff, Angie Barnes. (Doc. 25). The plaintiff was given an opportunity to respond to the motion to strike, but did not do so. Superior moves to strike two sentences in paragraph one of the declaration,[2] and moves to strike paragraph twelve of the declaration in its entirety. Superior argues that the sentences in paragraph one are not based on the plaintiff's personal knowledge and, therefore, should be stricken. The sentences at issue in paragraph one concern the state citizenship of defendant Kenneth Shropshire. After the plaintiff's declaration was filed, a summons was executed to defendant Shropshire at an address in South Carolina, even though the plaintiff states in her declaration that Shropshire is a citizen of Alabama. It is unclear which state Mr. Shropshire was a citizen of when the incidents at issue in this case occurred. The plaintiff submitted no evidence showing either her

---

[1] The court's consideration of the motion to strike is not inconsistent with the court's decision below to exclude from consideration all materials outside the pleadings submitted by the parties in support of and in opposition to the Rule 12(b)(6) motion to dismiss. While the court has precluded itself from considering the extra-pleading materials for purposes of considering the motion to dismiss, they are appropriate for consideration in connection with the Rule 12(b)(1) motion challenging the court's subject-matter jurisdiction. On such motions, the court may consider evidence offered by the parties in order to decide "factual" jurisdictional challenges. See Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999). For this reason, the court remains required to resolve the motion to strike.

[2] Superior moves to strike the third and fifth sentences of the declaration which say: "On the other hand, both defendants in this case are citizens of the State of Alabama," and "Kenneth Shropshire is also a resident citizen of Alabama, and was such at all times during my employment with Superior Resorts and at the time I filed this case." (Doc. 24-1, ¶ 1).

personal knowledge of Mr. Shropshire's residence or supporting her assertion that he was an Alabama citizen at the time of the incidents giving rise to the action. She offers no factual information, such as her observations of Shropshire's living and working routines or any statements by him from which his citizenship might be inferred. Because citizenship is a function of domicile, which is the person's intent to make a place his permanent home, see Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989); Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011), facts tending to show circumstantially that a person is domiciled in a place must be offered, not the mere, unsupported conclusion that he is a citizen of a particular state. Plaintiff offers nothing more than her unsupported conclusion regarding Shropshire's citizen, which conclusions are due to be stricken.

Superior further argues that all of the statements in paragraph twelve of the Declaration of Angie Barnes are improper legal conclusions. Paragraph twelve states as follows:

> Based on the facts I have stated above, I believe that the defendant is an employer within the meaning of the Title VII law. Despite the claim by Mr. McLean that there were only 6 employees on payroll during 2013 (not including myself or any of my fellow sales reps) while I was working for Four Seasons, I contend that every one of the 12 to 15 sales representatives who met with prospective customers at the Oxford, Alabama sales office, including myself, should also be counted as an employee of defendant for purposes of Title VII,

3

> whether or not Four Seasons ever took any taxes out of their commission checks. In the alternative, I believe that I am entitled to bring my state court claims against Four Seasons and Kenneth Shropshire in this federal court because there is a complete diversity of citizenship between myself and the defendants.

(Doc. 24-1, ¶ 12).

For the most part, paragraph twelve concerns various questions of law, rather than statements of fact. Whether Superior is an employer for purposes of Title VII, which of the plaintiff's co-workers qualify as employees for purposes of Title VII, and whether the court has subject matter jurisdiction over the instant case are questions of law to be answered by the court. The plaintiff does not hold herself out to be a legal expert, and her declaration is not submitted as expert testimony.

Although most of the statements in paragraph twelve are improper legal conclusions, the statement that "12 to 15 sales representatives… met with prospective customers at the Oxford, Alabama sales office" is factual in nature. Plaintiff certainly has personal knowledge, gained from her own observations, that between twelve to fifteen sales representatives were present and working with Superior's customers at its office in Oxford. Because this statement is factual, it is not due to be stricken.

Accordingly, Superior's Motion to Strike (doc. 25) is due to be GRANTED, except for that portion of paragraph 12 stating, "12 to 15 sales representatives… met with prospective customers at the Oxford, Alabama sales office…." As to that factual statement, the motion to strike is DENIED.

## MOTION TO DISMISS

The defendant's Motion to Dismiss is based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The only subject-matter jurisdictional issued raised pursuant to Rule 12(b)(1) asserted by the defendant appears to pertain to the court's supplemental jurisdiction over the plaintiff's state law claims. Therefore, in order to address the jurisdictional issue, the court must first determine whether the defendant's motion pursuant to Rule 12(b)(6), seeking dismissal of plaintiff's federal law claims, is due to be granted as it pertains to the plaintiffs' Title VII claim. If her federal law claims survive, the court has supplemental jurisdiction over the state-law claims arising from the same events or series of events.

Rule 12(d) of the Federal Rules of Civil Procedure provides in part that, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." This is the rule that requires conversion of

Rule 12(b)(6) motions to motions for summary judgment if matters outside the pleadings are presented to the court. The court may avoid the conversion by expressly refusing to consider the extra-pleading materials during consideration of the motion. See Harper v. Lawrence County, Ala., 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."). That is what the court has elected to do here; the court has not consider the additional materials offered by either party. The case is still in its early phases and no discovery has taken place, making such a fact-intensive issue inappropriate for summary judgment at this time.[3]

## Standard of Assessing a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss a pleading seeking relief for failure to state a claim, the court must analyze the pleading pursuant to the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure, as construed by the Supreme

---

[3] The court notes that even if the court were not to exclude the additional materials offered by the parties and were to treat the motion as one for summary judgment, the motion still would fail because there is a clear dispute of fact concerning the number of employees employed by defendant. Although defendant has offered an affidavit to prove that it employed only six people, the plaintiff has offered her affidavit contending that there were also 12 to 15 sales representatives who must be regarded as employees. As discussed in text, the determination whether a person is an "employee" protected by Title VII or an independent contractor not protected involves a mix question of fact and law that may be better suited for determination by a jury.

Court of the United States in Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  These standards replace and enhance those outlined in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), which allowed a claim to survive a motion to dismiss unless it could be shown "beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. at 45-46.  According to Twombly, Conley has been put out to "retirement," Twombly at 563, or "interred," id. at 577 (Stevens, J., dissenting).

The Supreme Court commented in 2007 on Rule 12(b)(6) dismissals, saying:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid*.; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 pp. 235-

7

> 236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . .
>
> . . .
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [the alleged claims] reflect the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544-70, 127 S. Ct. 1955, 1964-74, 167 L. Ed. 2d 929 (2007) (internal footnotes omitted).  In Twombly, the Supreme Court clearly raised the threshold for factual allegations in a complaint from "conceivable" to "plausible."  Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010); Rivell v. Private Health Care Systems, Inc., 520 F.3d 1308, 1309 (11th Cir. 2008); Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009); Financial Securities Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007)).  Mere legal conclusions are insufficient substitutes for factual allegations.

Two years after the Twombly decision, the Supreme Court discussed pleading requirements in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50. The Eleventh Circuit Court of Appeals has applied Iqbal, noting that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

9

inference that the defendant is liable for the misconduct alleged." Speaker v. Dept. of Health and Human Services, 623 F.3d 1371, 1380 (11th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

The court of appeals has taken the Supreme Court's admonition to heart. "The Supreme Court's most recent formulation of the pleading-specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007), quoting Twombly, 127 S. Ct. at 1965. The rule does not "impose a probability requirement at the pleading stage;" instead the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claims. Twombly, 127 S. Ct. at 1965. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" Watts, 495 F.3d at 1296, quoting Twombly, 127 S. Ct. at 1965.

## **Discussion**

In her complaint, the plaintiff states that, at all relevant times, she was Superior's employee. She alleges that Superior "had total control over her work hours, sales materials, marketing materials, and client presentations," and also had "total control over where she met her clients; when she met her clients; what she

told her clients; and how many clients she could see." (Doc. 1, ¶ 9). She also alleges that defendant "employs between 15 and 100 employees at its principal place of business." (Doc. 1, ¶ 6). Superior argues that the plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because the statements above do not adequately support the plaintiff's claim pursuant to Title VII and, therefore, she has failed to state a claim upon which relief can be granted.

The plaintiff's allegations regarding Superior's control over her working conditions, when combined with her allegations of sex discrimination and harassment, are enough, if taken as true, to allege a plausible claim for relief under Title VII. The fact that the defendant disagrees with the plaintiff's evaluation of Superior's status as the plaintiff's employer is not sufficient to compel the dismissal of the complaint pursuant to Rule 12(b)(6). Accordingly, the Motion to Dismiss is due to be denied insofar as the defendant moves for dismissal pursuant to Rule 12(b)(6). Furthermore, because the plaintiff's claim under Title VII is not due to be dismissed, the court may retain supplemental jurisdiction over the plaintiff's state law claims. Therefore, the Motion to Dismiss also is due to be denied insofar as the defendant moves for dismissal of the Complaint pursuant to Rule 12(b)(1).

To the extent it is argued that the court should treat the defendant's motion as a Motion for Summary Judgment, rather than a motion to dismiss under Rule

12(b)(6), it still is due to be denied. As evidence of its claim that Superior is not an employer for purposes of Title VII, the defendant attaches to its motion to dismiss a declaration by Troy McLean, the Vice President for Superior Resorts International, LLC f/k/a Four Seasons Resorts International, LLC. (Doc. 14-1). In the declaration, McLean states that Barnes entered into an independent contractor agreement with Superior, that she maintained total control of her hours and method of work, and that she was paid completely on a commission basis. McLean states that taxes never were deducted from Barnes' pay check, and that she was responsible for withholding her own taxes. He states that Superior never maintained more than six employees on its payroll since the inception of the company in 2012.

These statements, however, are not determinative. On a motion for summary judgment, the court must accept as true the version of the facts presented by the non-moving party. Only when those facts are not in dispute may a court determine whether a plaintiff is an "employee" as a matter of applying the proper legal standards articulated by the Eleventh Circuit. The court of appeals has explained:

> [T]his circuit has adopted the "economic realities" test to determine whether a Title VII plaintiff is an employee. *See Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340-41 (11th Cir.1982). Under this test, the term "employee" is "construed in light of general common law concepts"

and "should take into account the economic realities of the situation," "viewed in light of the common law principles of agency and the right of the employer to control the employee." *Id*. Specifically, the court should consider factors such as whether the defendant directed the plaintiff's work and provided or paid for the materials used in the plaintiff's work. *Id*. at 341.

Cuddeback v. Florida Board of Education, 381 F.3d 1230, 1234 (11th Cir. 2004) (whether a paid graduate student is an "employee" of the university). In this case, not only as discovery has not yet been conducted, there is no evidence before the court other than the declarations of Troy McLean and Angie Barnes, the plaintiff. The discrepancies between the two declarations show that there is a dispute of material facts and, therefore, summary judgment is inappropriate. Plaintiff's declaration describes how the defendant set the time for her to work, as well as the manner and materials with which she performed her job. As it cannot yet be determined whether Superior is an employer and the plaintiff was an employee (as distinct from an independent contractor) for the purposes of Title VII, the Motion to Dismiss, insofar as it is evaluated as a Motion for Summary Judgment under Rule 56, is still due to be denied.

## **RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS that the defendant's Motion to Strike (doc. 25) be GRANTED in part and DENIED IN

PART, and that the defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (doc. 14) be DENIED.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this Report and Recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error.  See 28 U.S.C. § 636(b)(1)(C).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendation made by the magistrate judge.  The district judge, however, need

conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DATED this 26th day of June, 2015.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE